SUMMARY ORDER

He Hua Chi, a native and citizen of the People’s Republic of China, seeks review of a July 1, 2008 order of the BIA, affirming the May 4, 2007 decision of Immigration Judge (“IJ”) Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re He Hua Chi, No. A99 316 809 (B.I.A. July 1, 2008), aff'g No. A99 316 809 (Immig. Ct. N.Y. City May 4, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, while the IJ rested his denial of relief on an adverse credibility determination, the BIA assumed Chi’s credibility and made an alternate burden of proof finding. Thus, we review only the BIA’s decision. Id. We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). Because Chi proceeds pro se before the Court, we construe his brief broadly to raise the strongest arguments it suggests. See Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir.2002) (in the context of a motion to dismiss, construing pro se plaintiffs pleadings to raise “the strongest arguments that they suggest”).
We find no error in the BIA’s determination that Chi was not eligible for asylum based on his wife’s forced abortion. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 314 (2d Cir.2007) (en banc) (holding that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners of individuals who have been forcibly sterilized or forced to have an abortion); see also Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007) (noting that, pursuant to Shi Liang Lin, “a claim of persecution based solely on a forced abortion” brought by someone other than “the individual who has undergone the procedure ... is doomed”).
*44 We further conclude that the BIA properly found that Chi failed to establish eligibility for relief based on his own “other resistance” to the family planning policy in China. See 8 U.S.C. § 1101(a)(42). In Shi Liang Lin, we found that a petitioner whose “application for asylum was based upon his fiancée’s two forced abortions and threats from family planning officials that they would fine and sterilize [him] if his fiancée became pregnant again ... failed to demonstrate that he acted in a manner that could constitute ‘resistance’ or opposition to a coercive family control program.” 494 F.3d at 314-15. Because Chi’s “other resistance” claim is analogous to the claim we rejected in Shi Liang Lin, we find no error in the BIA’s decision. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur, 494 F.3d at 289.
Because Chi failed to meet the burden of proof for asylum, he also failed to meet the higher burden of proof necessary to establish eligibility for withholding of removal. See Kambolli v. Gonzales, 449 F.3d 454, 457 n. 3 (2d Cir.2006).
Finally, because Chi failed to exhaust his administrative remedies with regard to his challenge to the agency’s denial of CAT relief, we lack jurisdiction to review this claim. See- 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006) (citing Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir.2003)). We therefore dismiss the petition for review to the extent it challenges the denial of Chi’s CAT claim.
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.